# STATE OF MICHIGAN

# COURT OF APPEALS

PROGRESS MICHIGAN,

        Plaintiff-Appellee,

v

ATTORNEY GENERAL,

        Defendant-Appellant.

FOR PUBLICATION
June 19, 2018
9:10 a.m.

Nos. 340921; 340956
Court of Claims
LC No. 17-000093-MZ

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In Docket No. 340921, defendant, Attorney General (AG) Bill Schuette acting in his official capacity, appeals as of right the denial of summary disposition by the Court of Claims, arguing that the Court of Claims erred in finding that plaintiff, Progress Michigan, could amend its complaint to comply with the requirements of the Court of Claims Act, MCL 600.6401 *et seq*. In Docket No. 340956, defendant applied for leave to appeal, arguing that plaintiff failed to comply with the statute of limitations under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. This Court granted leave to appeal and consolidated the two appeals. *Progress Mich v Attorney General*, unpublished order of the Court of Appeals, entered December 20, 2017 (Docket No. 340956). For the reasons stated, we reverse and remand for entry of summary disposition in favor of defendant.

After reviewing public records it had received through other FOIA requests, plaintiff alleges that it learned that defendant and his staff were performing official functions using personal e-mail accounts. Consequently, on September 27, 2016, plaintiff made a request pursuant to the FOIA. The request covered all e-mails sent or received by a group of 21 AG Department staff members using personal e-mail accounts in the performance of any official function, from the date of November 1, 2010, onward. On October 19, 2016, defendant denied plaintiff's request. Defendant stated that he did not possess any such records meeting plaintiff's description, except for a single e-mail, which was not subject to disclosure because it was attorney work product. On November 26, 2016, plaintiff filed an internal appeal of the denial, which by letter dated December 12, 2016, defendant again denied.

On April 11, 2017, plaintiff filed its original complaint in this action in the Court of Claims. Plaintiff's complaint contained two counts: (1) violation of the FOIA and (2) failure to

preserve state records under the Management and Budget Act, MCL 18.1101, *et seq*. On May 16, 2017, defendant moved for summary disposition, arguing, in relevant part, that plaintiff's complaint was subject to dismissal for failure to comply with the Court of Claims Act's requirement that a claimant must sign and verify its claim, see MCL 600.6431(1), as the complaint was unsigned by plaintiff and unverified.

On May 26, 2017, plaintiff filed an amended complaint, which contained allegations identical to those in the original complaint. This time, however, the amended complaint was signed and verified. On June 13, 2017, defendant again moved for summary disposition on the amended complaint. First, defendant argued that procedurally improper claims cannot be cured by virtue of an amendment of a complaint because the timing requirements of the Court of Claims Act applies to "claims," not "complaints." Thus, defendant argued that complaints can be amended but claims cannot, as the two terms are not equivalent. Second, defendant argued that even if plaintiff could amend its complaint to comply with the requirements of the Court of Claims Act, it nevertheless was time-barred by the FOIA's statute of limitations, which provides for a 180-day limitations period. This was so, defendant argued, because the amended complaint was filed more than 180 days after the denial of plaintiff's FOIA request and, thus, could only be deemed valid if it related back to the filing date of the original complaint. Defendant argued, however, that because the amended complaint did not add a claim or defense, a requirement to constitute an amended complaint under the Michigan Court Rules, it was not a proper amended complaint, and its filing therefore could not relate back to the date of the filing of the original complaint. Thus, defendant argued that plaintiff's claim was time-barred by the FOIA's statute of limitations.

The Court of Claims denied defendant's motion for summary disposition with respect to plaintiff's FOIA claim. The Court of Claims rejected defendant's distinction between a "claim" and a "complaint," holding that plaintiff had complied with the signature and verification requirements of the Court of Claims Act when it filed its amended complaint within the one-year statutory period in MCL 600.6431(1). The Court of Claims also held that the amended complaint related back to the filing of the original complaint, so plaintiff had complied with the FOIA's statute of limitations. Regarding plaintiff's count pertaining to an alleged violation of the Management and Budget Act, the Court of Claims granted summary disposition in favor of defendant because it found that the act does not provide a private right of action. Plaintiff has not appealed the Court of Claims' dismissal of the Management and Budget Act count. Thus, the only count pertinent to these appeals is plaintiff's FOIA count.

## I. PLAINTIFF'S CHALLENGE TO THIS COURT'S JURISDICTION

On appeal, plaintiff contests this Court's jurisdiction over defendant's appeals. In Docket No. 340921, defendant appealed as of right under MCR 7.203(A)(1) the denial of summary disposition. And in Docket No. 340956, defendant applied for leave to appeal, which this Court granted under MCR 7.203(B)(1).

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). "The jurisdiction of the Court of Appeals is governed by statute and court rule." *Id*. Because

"[t]his Court reviews de novo the proper interpretation of statutes and court rules as questions of law," this Court reviews de novo the question whether it has jurisdiction. *Id*.

MCR 7.203(A)(1) provides that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6)." In turn, MCR 7.202(6)(a)(*v*) defines a "final judgment" or "final order" as "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7)."

Plaintiff argues that the denial of summary disposition by the Court of Claims did not deny defendant governmental immunity because there is no governmental immunity for disclosure of public records, and, even if governmental immunity did apply to disclosure of public records, the FOIA had acted as a waiver of such immunity. However, plaintiff's challenge to this Court's jurisdiction fails.

The Michigan Supreme Court stated in *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015), that "while MCL 600.6431 does not 'confer governmental immunity,' it establishes conditions precedent for avoiding the governmental immunity conferred by the" Governmental Tort Liability Act, MCL 691.1401 *et seq*. Thus, contrary to plaintiff's position, defendant's assertion that plaintiff failed to comply with MCL 600.6431(1) does constitute a claim that he was entitled to governmental immunity. As a result, the Court of Claims' denial of summary disposition constituted a denial of governmental immunity to a governmental party, and the order thus constituted a final order under MCR 7.202(6)(a)(*v*). Therefore, that aspect of the order is appealable of right under MCR 7.203(A)(1), thereby providing this Court with jurisdiction over the claim of appeal in Docket No. 340921. See also *Watts v Nevils*, 477 Mich 856 (2006); *Walsh v Taylor*, 263 Mich App 618, 625; 689 NW2d 506 (2004). Further, whether there is actually a governmental immunity defense to an alleged failure to disclose public records and whether the FOIA waives any such defense goes to the merits of the appeal, i.e., to whether defendant is actually entitled to governmental immunity in this case, not to the jurisdictional issue of whether the order appealed from denied him governmental immunity.

Additionally, in Docket No. 340956, plaintiff ignores the fact that this Court granted leave to appeal, undisputedly giving this Court jurisdiction over the appeal. See MCR 7.203(B)(1) (this Court "may grant leave to appeal from . . . a judgment or order of the circuit court and court of claims that is not a final judgment appealable of right").

## II. AMENDED COMPLAINT

### A. STANDARDS OF REVIEW

This Court reviews issues of statutory interpretation de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009). We also review a trial court's decision on a motion for summary disposition de novo. *Spiek Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(7) can be granted if the plaintiff's claim is barred because of an "immunity granted by law" or because a claim is barred by the applicable "statute of limitations." MCR 2.116(C)(7); see also *Genesee Co Drain*

-3-

*Comm'r v Genesee Co*, 309 Mich App 317, 323; 869 NW2d 635 (2015). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id.* at 429.

## B. DISCUSSION

Defendant argues that plaintiff's FOIA complaint is untimely and invalid. There are two statutes at issue here, with different timing requirements, and this appeal involves the interplay between them. In order to frame the legal issues presented, we note in summary fashion the timing of the relevant events:

> October 19, 2016: Defendant denies plaintiff's FOIA request.
> December 12, 2016: Defendant denies internal appeal of FOIA request.
> April 11, 2017: Plaintiff files its original complaint in the Court of Claims.
> May 26, 2017: Plaintiff files amended complaint in the Court of Claims.

There are two statutes which control the circumstances under which a party aggrieved by the denial of a FOIA request may challenge an agency's decision. Section 10 of the FOIA statute, MCL 15.240(1), provides in relevant part:

> If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:
>
> * * *
>
> (b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

Because the Department of Attorney General is a public body, in order to challenge its denial of the FOIA request through the filing of suit, plaintiff was required by subpart (b) to bring such an action in the Court of Claims. Court of Claims actions, in turn, have their own procedural requirements, as provided for by the Court of Claims Act:

> No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths. [MCL 600.6431(1).]

It is a clearly established principle that "when the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain requirements," that those requirements are strictly construed as written. *McCahan v Brennan*, 492 Mich 730, 746; 822 NW2d 747 (2012). While the Court of Claims Act provides generally that suits must be brought within one year of a claim's accrual, MCL 600.6431(1), in cases involving claims for personal injury or property damage, a claimant "shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action," MCL 600.6431(3). In *McCahan*, our Supreme Court construed that language, holding that "the statutory provision must be understood as a cohesive whole. Subsection (1) sets forth the general rule, for which subsection (2) sets forth additional requirements and which subsection (3) modifies for particular classes of cases that would otherwise fall under the provisions of subsection (1)." *McCahan*, 492 Mich at 742. "Accordingly, subsection (3) incorporates the consequence for noncompliance with its provisions expressly stated in subsection (1) and does not otherwise displace the specific requirements of subsection (1) other than the timing requirement for personal injury or property damage cases." *Id*. "Therefore, the failure to file a compliant claim or notice of intent to file a claim against the state within the relevant time periods designated in either subsection (1) or (3) will trigger the statute's prohibition that '[n]o claim may be maintained against the state . . . .' " *Id*.

Although the separate requirements of the FOIA statute were not at issue in *McCahan*, we view *McCahan*'s rationale as controlling. When "the state consents to suit, the Legislature may 'place conditions or limitations' on the state's waiver of immunity.' " *Id*. at 736 (citation omitted). Clearly the Legislature, through the enactment of § 10 of the FOIA, consented to suit by aggrieved parties. But equally clearly, in cases in which the adverse decision was made by a state public body, the Legislature has determined that suit can only be brought in the Court of Claims. Further, in the Court of Claims Act, the Legislature has set forth procedures which govern in all cases brought in the Court of Claims. Those procedures include the statute of limitations provisions of MCL 600.6431 and also include the requirement that a complaint "shall be signed and verified by the claimant before an officer authorized to administer oaths." In the context presented here, where both a statute providing a cause of action against the state and the Court of Claims Act apply, and where each of them has distinct prerequisites to bringing suit, "the statutory provision[s] must be understood as a cohesive whole." *McCahan*, 492 Mich at 742. Thus, in such circumstances, a plaintiff must comply with the prerequisites set forth in both of the statutes. Even " 'post-Court of Claims Act' legislation waiving suit immunity . . . is limited by the terms and conditions of jurisdiction established in the Court of Claims Act." *Greenfield Const Co Inc v Mich Dep't of State Highways*, 402 Mich 172, 195-196; 261 NW2d 718 (1978). Preconditions to maintaining an action against the state do "not abrogate a substantive right, but rather provide[] the framework within which a claimant may assert that right." *Rusha v Dep't of Corrections*, 307 Mich App 300, 310; 859 NW2d 735 (2014).

Applying that rule to the facts here, plaintiff's complaint fails. Plaintiff filed its initial complaint on April 11, 2017, less than 180 days after defendant's denial of its FOIA request on

October 19, 2016.[1]  The complaint thus was timely under each of the statutes.  However, the complaint failed to comply with the Court of Claims Act because it was neither signed nor verified.  The complaint thus triggered the Court of Claims Act's "bar-to-claim language" of MCL 600.6431 that "[n]o claim may be maintained against the state" if the claim failed to comply with the Court of Claims Act's strictures.  *McCahan*, 492 Mich. at 742.

The Court of Claims Act's requirement that a claim may not be maintained unless it is signed and verified is analogous to the requirements for initiating a medical malpractice claim.  In *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000), our Supreme Court held that the plaintiff's failure to adhere to the statutory requirements for filing a medical malpractice claim meant that the filing was void, thereby making any attempt to amend the initial complaint futile.  At issue in *Scarsella* was the requirement found in MCL 600.2912d(1), which provides that "the plaintiff in a medical malpractice action 'shall file with the complaint an affidavit of merit . . . ."  *Id.* at 548, quoting MCL 600.2912d(1).  Because the plaintiff in *Scarsella* did not file the required affidavit of merit with his initial complaint, the complaint "was insufficient to commence plaintiff's malpractice action" and therefore did not toll the limitations period.  *Scarsella*, 461 Mich at 550.

Like the plaintiff in *Scarsella*, plaintiff here argues that it should have been allowed to amend the complaint such that the complaint then would comply with the statutory requirements.  See *id.*  However, we reject this argument because, as the Supreme Court noted, "it effectively repeals" the statutory requirement.  *Id.*  Under plaintiff's view, plaintiffs could routinely file their complaints without having the claims verified, only later to "amend" at a later date after the period of limitations had passed.  In the words of the *Scarsella* Court, this would "completely subvert[]" the requirements of MCL 600.6431(1).  *Id.*[2]

Plaintiff sought to correct the deficiencies in its complaint by attempting to amend the pleading pursuant to MCR 2.118 on May 26, 2017.  The amended complaint was filed within one year of the accrual of plaintiff's claims, and thus was timely under the Court of Claims Act; however, the amended complaint was filed more than 180 days after the denial of plaintiff's FOIA request, and therefore was untimely under the FOIA.

---

[1] Plaintiff's counsel conceded at oral argument that the FOIA 180-day limitations period began to run from the October 19, 2016 date of defendant's initial denial of its request, not from the later date of the defendant's denial of plaintiff's internal appeal.  This undoubtedly is correct, as the FOIA explains that such an internal appeal happens after a "final determination" is made.  See MCL 15.240(1)(a).  Thus, the public body's decision in the internal appeal, although later in time, is not a "final determination" under the statute.

[2] We are cognizant that the statutory language of MCL 600.6431(1) and MCL 600.2912d(1) differ, with MCL 600.6431(1) saying that a claim cannot be "maintained" unless other requirements are met and MCL 600.2912d(1) saying that an affidavit of merit "shall [be] file[d] with the complaint."  However, both establish mandatory prerequisites to filing suit and thus present the same issue.

The only way in which either of the complaints which plaintiff filed could be deemed valid is if the amended complaint, the only one which complied with the signature and verification requirements of the Court of Claims Act, was deemed to relate back to the filing of the original complaint, which was itself defective but timely. However, the Court of Claims Act is clear that "[n]o claim may be maintained" unless certain conditions are satisfied, and the original complaint here undisputedly did not satisfy those requirements. "All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL § 8.3a. Because the word "maintained" as used in the Court of Claims Act is used in a technical legal manner to convey a particular legal result, we are thus required to construe it according to that "peculiar and appropriate meaning." To "maintain" is pertinently defined as "[t]o continue (something)" or "[t]o assert (a position or opinion)." *Black's Law Dictionary* (10th ed). Thus, in the absence of the claim being verified in plaintiff's initial complaint, the claim could not be asserted and thus lacked legal validity from its inception. In other words, because the claim in the initial complaint could not be "maintained," it was a nullity. See *Scarsella*, 461 Mich at 550 (stating that because the complaint did not comply with statutory prerequisites to filing, it "was insufficient to commence plaintiff's malpractice action.").

Because plaintiff's complaint was invalid from its inception, there was nothing pending which could be amended. Thus, any attempt by plaintiff to amend under MCR 2.118 was ineffectual. Moreover, although MCR 2.118 creates a general right to amend a complaint, the statutory provisions of the FOIA and the Court of Claims Act, as substantive law, control over any conflicting court rule. See *Stenzel v Best Buy Co, Inc*, 320 Mich App 262, 279; 906 NW2d 801 (2017). The Court of Claims therefore erred by holding that the court rules permitted both an amended complaint and for that amended complaint to relate back to the date of the original complaint. In addition, because the complaint was fatally deficient from its inception, it could not and did not toll the limitations period. See *Scarsella*, 461 Mich at 550.[3]

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[3] Although it could not amend its defective complaint to comply with the statutory requirements, as the initial complaint was neither signed nor verified as required by the Court of Claims Act, plaintiff was free at any time within the 180-day period provided by the FOIA to file a fresh, signed and verified complaint, which would have had the effect of commencing a civil action (as the original filing was a nullity and did not initiate a proceeding). See *Scarsella*, 461 Mich at 549, 550. The fact that plaintiff failed to do so in a timely manner forecloses the present suit.