*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLEN JONES,

       Plaintiff-Appellant,

v

STATE OF MICHIGAN,

       Defendant-Appellee.

UNPUBLISHED
April 1, 2021

No. 351889
Court of Claims
LC No. 19-000117-MZ

Before: BECKERING, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals the order of the Court of Claims granting summary disposition to defendant under MCR 2.116(C)(7) (governmental immunity). For the reasons stated in this opinion, we reverse.

## I. BACKGROUND

Plaintiff was injured in an automobile accident on July 18, 2018, while a passenger in a vehicle owned and self-insured by defendant, the state of Michigan. Plaintiff sought personal protection insurance (PIP) benefits from defendant, but never received a formal denial. On July 17, 2019, plaintiff filed a notice of intent in the Court of Claims to bring a claim against defendant to recover PIP benefits arising from the injuries he sustained in the accident. The notice was signed by plaintiff and his counsel, but it was not verified "before an officer authorized to administer oaths" as required by the Court of Claims Act (CCA), MCL 600.6401 *et seq*. About a week later, plaintiff filed a complaint against defendant in the Court of Claims. The complaint was also signed by plaintiff and his counsel but was not notarized.

In lieu of filing an answer, defendant moved for summary disposition for plaintiff's failure to strictly comply with MCL 600.6431 within a year of his claim accruing. In response, plaintiff argued that his claim had not yet accrued because defendant had not formally denied the claim for PIP benefits. He also argued that the time for bringing an action to recover PIP benefits under the no-fault act, 500.3101 *et seq*., was tolled because he provided notice to defendant of his injuries within a year of the accident. Plaintiff also requested that he be permitted to file an amended complaint and notice of intent.

The Court of Claims ruled that plaintiff's notice of intent was insufficient because there was no indication that it was signed and verified by plaintiff before an officer authorized to administer oaths. As for plaintiff's request to amend, the court relied on then binding caselaw that the faulty notice of intent was a "nullity" and could not be cured by an amendment. Finally, the court ruled that, because the accident occurred in July 2018, the time for strictly complying with the CCA's one-year notice period had lapsed and so dismissal of plaintiff's complaint was required.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred by denying his motion to amend the notice of intent and complaint to satisfy the verification argument. We agree.[1]

Section 3145 of the no-fault act provides in part:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. [MCL 500.3145(1).]

Plaintiff provided defendant with notice sufficient to satisfy the no-fault act's requirement that the insurer (here a self-insured) be provided notice of injury within one year of the accident. MCL 500.3145(1). Once such notice has been provided, the claimant has the normal six years to file a contract suit but is limited in the scope of such a suit by the one-year-back rule contained within MCL 500.3145(2). Having provided notice that satisfies MCL 500.3145, plaintiff's suit was not barred by the statute of limitations.

However, because the state is the insurer in this case, the CCA's requirements must also be satisfied. Section 6431 of the CCA provides in relevant part:

---

[1] We review de novo a trial court's decision to grant summary disposition as well as questions of statutory interpretation. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). When reviewing a motion under MCR 2.116(C)(7) (governmental immunity), the parties may introduce evidence to support their claims or defenses, and "[t]he contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). We review a trial court's decision on a motion to amend for an abuse of discretion. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207-208; 920 NW2d 148 (2018). "An abuse of discretion necessarily occurs when the trial court makes an error of law." *Pioneer State Mutual Ins Co v Wright*, 331 Mich App 396, 405, 414-415; 952 NW2d 586 (2020). Because we agree with plaintiff that the Court of Claims erred by denying his request to amend, we decline to address plaintiff's arguments regarding when a claim for PIP benefits accrues for purposes of MCL 600.6431.

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

(2) A claim or notice under subsection (1) must contain all of the following:

* * *

(d) A signature and verification by the claimant before an officer authorized to administer oaths.[2]

The lack of a notarized signature on the Court of Claims notice rendered it noncompliant with MCL 600.6431, as held in *Fairley v Dep't of Corrections*, 497 Mich 290; 871 NW2d 129 (2015); *McCahan v Brennan*, 492 Mich 730; 822 NW2d 747 (2012). However, neither of these cases addressed whether a claimant may file an amended notice to cure a faulty notice filed within MCL 600.6431(1)'s one-year period. Relying on this Court's decision in *Progress Mich v Attorney General*, 324 Mich App 659; 922 NW2d 654, 657 (2018), the Court of Claims in this case concluded that the lack of verification rendered the notice and complaint null and void and therefore plaintiff could not file an amendment. But the Supreme Court subsequently reversed our decision in *Progress Mich* and held that the lack of verification did not render a complaint a nullity and that the submitting party may cure the defect:

[W]e reject defendant's argument that permitting plaintiff to amend . . . to correct the lack of verification would allow plaintiff to subvert the verification requirement of MCL 600.6434[3]. . . . [N]othing in the language of . . . MCL 600.6434 (or MCL 600.6431) has any bearing on the question of when an action is commenced or whether the statutory period of limitations is tolled. To the contrary, . . . an action [in the Court of Claims] . . . is tolled upon the filing of a complaint. [*Progress Mich v Attorney General*, ___ Mich ___, ___; ___ NW2d ___ (2020) (Docket Nos. 158150, 158151), slip op at 19.]

Following the Supreme Court's decision, we recently held that although plaintiffs "must comply with the verification requirements of MCL 600.6431 and MCL 600.6434," they "may correct any defect in complying with those requirements during the pendency of the proceedings . . . ." *Elia Cos, LLC v Univ of Mich Regents*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351064); slip op at 9. In that case, the plaintiff brought suit in circuit court and the state-defendant removed the case to the Court of Claims and successfully moved for summary disposition on the grounds that the plaintiff's complaint was not verified in accordance with MCL 600.6431. *Id*. at 2. The plaintiff sought to satisfy the verification requirement once the

---

[2] MCL 600.6431 was recently amended by 2020 PA 42, effective March 3, 2020. However, the statute applies retroactively to March 29, 2017. See 2020 PA 42.

[3] MCL 600.6434(2) states that "[t]he complaint shall be verified."

case was removed to the Court of Claims, but the court determined that it was untimely. *Id*. at 9. We reversed on the basis of the *Progress Mich*, explaining that "to the extent the Court of Claims concluded that plaintiff was precluded from achieving compliance with MCL 600.6431 at any later time in the proceedings, that conclusion is no longer 'good law.' " *Id*. We directed the Court of Claims to provide the plaintiff with an opportunity on remand "to correct any defects in its compliance with the verification requirements in MCL 600.6431 and MCL 600.6434 . . . ." *Id*.

Thus, in this case plaintiff's notice of intent and complaint are not void and amendment is permitted. Plaintiff must comply with the requirements of MCL 600.6431 and MCL 600.6434, but *Progress Mich* and *Elia* establish that he "may correct any defect in complying with those requirements during the pendency of the proceedings and in accordance with the court rules." *Id*. at 9. On remand, plaintiff should be afforded an opportunity to cure any defects in his compliance with the CCA's verification requirements.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Douglas B. Shapiro