*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY DEITERT,

       Plaintiff-Appellant,

v

UNIVERSITY OF MICHIGAN BOARD OF
REGENTS,

       Defendant-Appellee.

UNPUBLISHED
August 26, 2021

No. 349059
Washtenaw Circuit Court
LC No. 17-000508-CD

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and RICK, JJ.

PER CURIAM.

Plaintiff, Stacy Deitert, appeals as of right the trial court's order granting summary disposition in favor of defendant, the University of Michigan Board of Regents, on governmental immunity grounds. Plaintiff argues that the trial court erred by holding that the notice filing requirement set forth in MCL 600.6431(1), which mandates as a condition precedent to suing an arm of the state that a plaintiff file a written notice of his or her intent to file a claim against the state with the office of the clerk of the Court of Claims within one year after the claim has accrued, applied to actions prosecuted in the circuit court. We reverse.

This case commenced when plaintiff filed her complaint alleging discrimination in violation of Michigan's Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.* Defendant moved for summary disposition pursuant to MCR 2.116(C)(4) and (C)(10), maintaining that plaintiff was required to comply with the notice requirement set forth in MCL 600.6431 in order to maintain a lawsuit against a state university. Because plaintiff failed to do so, defendants argued that the trial court should hold that the claim was procedurally barred and dismiss plaintiff's complaint. After hearing argument, the trial court held that governmental immunity applied "because it's undisputed that the plaintiff did not timely file a notice in the Court of Claims." Plaintiff now appeals.

Weeks prior to oral argument in the instant case, another panel of this Court issued a published opinion in *Tyrrell v Univ of Mich*, __ Mich App ___; __ NW2d _ (2020) (Docket No. 349020). In *Tyrrell,* this Court reviewed the Michigan Supreme Court's decision in *Progress*

-1-

*Michigan v Attorney Gen*, __Mich __: __NW2d __ (2020) (Docket No. 158150) (aka '*Progress II*'). Because *Progress II* rendered moot this Court's analysis of whether MCL 600.6431 implicated governmental immunity as determined in *Progress Michigan v Attorney Gen*, 324 Mich App 659, 666; 922 NW2d 654 (2018) ('*Progress I'),* the void permitted this Court to conclusively resolve the issue in *Tyrell,* (slip op, at 2). Ultimately and definitively, the *Tyrrell* Court concluded that the notice provision contained in MCL 600.6431(1) does not apply when a plaintiff files a claim against a state defendant in circuit court. *Id* (slip op 6). This precedent has withstood the *Tyrrell* defendants' challenges by way of motion for reconsideration (denied in docket entry 47 on January 26, 2021) and, more recently, the *Tyrrell* defendants' delayed application for appeal before the Michigan Supreme Court (Docket No. 162707, June 11, 2021).

Because *Tyrrell* is outcome determinative, no further legal analysis is warranted. In the instant case, the trial court held that, irrespective of whether a plaintiff chooses to prosecute his or her case in the Court of Claims or the circuit court,[1] MCL 600.6431(1) prohibits any claim unless the plaintiff timely filed the requisite notice. This determination is contrary to the binding precedent of *Tyrrell, supra.* The circuit court's decision to grant defendants' motion for summary disposition based on plaintiff's purported failure to comply with the Court of Claims notice requirement must be reversed and the matter remanded for further proceedings in the circuit court.

Defendants acknowledged the *Tyrrell* outcome at the time of oral argument in this case. They requested that this Court convene a conflict panel. We find no basis to grant that request. The authority to convene a conflict panel is found in MCR 7.215(J)(2). The rule states:

> *Conflicting Opinion.* A panel that follows a prior published decision only because it is required to do so by subrule (1) must so indicate in the text of its opinion, citing this rule, and explaining its disagreement with the prior decision. The panel's opinion must be published in the official reports of opinions of the Court of Appeals.

Here, we decidedly follow the precedent of the *Tyrrell* decision, not because it is required, but rather because we agree with that precedent. Notably, so did the motion panel that considered the *Tyrrell* defendants' motion for reconsideration, as did the Michigan Supreme Court. Under these circumstances, there is simply no basis to grant the instant defendant's request for a conflicts panel.

Reversed and remanded for continued proceedings in the circuit court.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Michelle M. Rick

---

[1] The Court of Claims Act provides concurrent jurisdiction with the circuit court for claims for which there is a right to trial by jury. See MCL 600.6421; *Baynesan v Wayne State Univ*, 316 Mich App 643, 647; 894 NW2d 102 (2016).