# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PROGRESS MICHIGAN v ATTORNEY GENERAL

Docket Nos. 158150 and 158151. Argued January 8, 2020 (Calendar No. 1). Decided July 27, 2020.

Progress Michigan filed a complaint in the Court of Claims against then Attorney General Bill Schuette in his official capacity, alleging that defendant violated the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, and failed to preserve state records under the Management and Budget Act, MCL 18.1101 *et seq.* Plaintiff sought certain e-mail messages between Attorney General Schuette and his staff that were sent using personal e-mail accounts. Defendant denied the request on October 19, 2016, and on November 26, 2016, defendant denied plaintiff's subsequent departmental appeal of that decision. Seeking to compel disclosure, plaintiff filed its complaint in the Court of Claims on April 11, 2017. Defendant moved for summary disposition, arguing that dismissal was appropriate because plaintiff failed to comply with the signature and verification requirement of MCL 600.6431 of the Court of Claims Act, MCL 600.6401 *et seq.* On May 26, 2017, plaintiff filed an amended complaint that contained allegations identical to those in the original complaint but was also signed by plaintiff's executive director and sworn to before the Ingham County Clerk. Defendant again moved for summary disposition, this time arguing that the amended complaint was untimely because it was filed outside FOIA's 180-day period of limitations. The Court, CYNTHIA D. STEPHENS, J., dismissed plaintiff's Management and Budget Act claim but denied the summary-disposition motion with respect to defendant's FOIA claim, holding that plaintiff had complied with the MCL 600.6431 signature and verification requirement and that the complaint was timely filed within that statute's one-year limitations period. The Court of Claims concluded that the amended complaint complied with FOIA's statute of limitations because the amendment related back to the filing of the original complaint, which had been timely filed. Defendant appealed (Court of Appeals Docket No. 340921), arguing that the Court of Claims erred by concluding that plaintiff could amend its complaint to comply with MCL 600.6431. Defendant asserted that the order was appealable by right because the order constituted a denial of governmental immunity; specifically, defendant asserted that compliance with the MCL 600.6431 verification and signature requirement was a prerequisite to suit against the state. Defendant also filed an application for leave to appeal (Court of Appeals Docket No. 340956), arguing that plaintiff had failed to comply with FOIA's statute of limitations. The Court of Appeals granted leave to appeal and consolidated the appeals. The Court of Appeals, METER, P.J., and GADOLA and TUKEL, JJ., reversed the Court of Claims and remanded the case for entry of summary disposition in favor of defendant. 324 Mich App 659 (2018). The Court of Appeals considered plaintiff's compliance with MCL 600.6431 as an issue of immunity, reasoning that the verification

and signature requirement was a condition precedent for avoiding governmental immunity; on that basis, it concluded that it had jurisdiction over the appeal because it was an appeal of a final order denying governmental immunity. It reasoned that although the original complaint was timely, it was time-barred because it was not signed and verified as required by MCL 600.6431. The Court of Appeals analogized plaintiff's first complaint to the medical malpractice complaint in *Scarsella v Pollak*, 461 Mich 547 (2000), in which the plaintiff failed to include an affidavit of merit with the complaint as required by MCL 600.2912d, rendering the complaint insufficient to commence the malpractice action and, therefore, insufficient to toll the applicable statute of limitations. Because plaintiff's complaint in this case was not verified, the Court of Appeals reasoned that the claim lacked legal validity from its inception and could not be amended to cure the defect. The Court of Appeals further concluded that the amended complaint was untimely because it was filed outside FOIA's 180-day statute of limitations. The Supreme Court granted plaintiff's application for leave to appeal. 503 Mich 982 (2019).

In an opinion by Justice CAVANAGH, joined by Justices MARKMAN, ZAHRA, BERNSTEIN, and CLEMENT, the Supreme Court *held*:

Regardless of whether the MCL 600.6431(2)(d) verification and signature requirement applied, plaintiff was required to comply with other provisions of the Court of Claims Act, including the MCL 600.6434 verification requirement. Although plaintiff did not appear to fulfill that requirement in its amended complaint, defendant waived review of the issue by conceding that the amended complaint was, in fact, verified; any lack of compliance was therefore not a basis for dismissing the complaint. The filing and tolling provisions in MCL 600.1901 and MCL 600.5856(a) of the Revised Judicature Act (RJA), MCL 600.1010 *et seq.*, apply to FOIA actions brought in the Court of Claims because neither FOIA nor the Court of Claims Act contains language governing the commencement of an action or the tolling of a limitations period. MCL 600.6434 does not override the RJA rules that an action is commenced when a complaint is filed, does not override the act's rule that a limitations period is tolled when a complaint is filed, and does not condition tolling on satisfaction of the verification requirement. The original complaint was filed within FOIA's limitations period, and the lack of verification did not render it a nullity. The Court of Appeals' reliance on *Scarsella* was misplaced because it did not apply in the context of this case. Under MCR 2.118(A)(1), plaintiff was entitled to amend its complaint, without seeking leave from the Court of Claims, within 14 days of defendant filing its motion to dismiss. Plaintiff did so, and under MCR 2.118, the amended pleading superseded the former pleading. There was no need to analyze whether the amended complaint related back under MCR 2.118(D), because the amendment only corrected the technical verification requirement; it did not add a new claim. The Court of Appeals erred when it reversed the Court of Claims and remanded the case for entry of summary disposition in favor of defendant.

1. The state is immune from all suits except to the extent it consents to be sued. In that regard, MCL 15.240 of FOIA authorizes individuals to bring a civil action against a public body to challenge a final determination denying all or a portion of a request for documents. Because MCL 15.232(h)(*i*) defines the term "public body" to include a state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, the office of the Attorney General is subject to a FOIA request. When a public body denies all or a portion of an individual's request, MCL 15.240 requires an appeal of that decision to be filed in the Court of Claims, if the public body is a state public body,

within 180 days of the final determination. Within the Court of Claims Act, MCL 600.6431 provides that a claim may not be maintained against the state unless within one year after the claim has accrued the individual files in the Court of Claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms, or agencies. Under MCL 600.6431(2)(d), the claim or notice must include a signature and verification by the claimant before an officer authorized to administer oaths. Regardless of whether the MCL 600.6431(2)(d) signature and verification requirement applies to the Attorney General given that the Attorney General is not a "state," MCL 600.6434(2) requires, among other things, that the complaint be verified. In this case, because defendant was a "public body," plaintiff properly asserted a claim under FOIA when defendant denied its claim and did so within 180 days of the denial as required by MCL 15.240. Whether the Court of Appeals was correct in analyzing plaintiff's compliance with the MCL 600.6431 signature and verification requirement as an issue of governmental immunity, instead of as an issue of compliance with the rules of the Court of Claims, did not have to be decided because either way plaintiff had to comply with the Court of Claims Act, which included the MCL 600.6434(2) verification requirement. It is undisputed that the original complaint was not verified as required by MCL 600.6434(2). While plaintiff's amended complaint also did not appear to be verified as required by MCL 600.6434(2), defendant waived any argument that the complaint was not properly verified by conceding in multiple briefs that the second complaint was verified.

2. Under MCL 600.6422 and MCL 600.6434(1), practice and procedure in the Court of Claims is governed by the statutes and court rules prescribing practice in the circuit courts of Michigan. The RJA also governs practice and procedure in the Court of Claims because the Court of Claims Act is contained within the RJA. In that regard, MCL 600.1901 provides that an action is commenced by the filing of a complaint in a court, and MCL 600.5856(a) states that the statutory period of limitations is tolled when a complaint is filed. Because neither FOIA nor the Court of Claims Act contains language governing the commencement of an action or the tolling of a limitations period, the filing and tolling provisions in MCL 600.1901 and MCL 600.5856(a) apply to FOIA actions brought in the Court of Claims. Under MCR 2.118, a plaintiff may amend its complaint by right within 14 days of the defendant filing a motion to dismiss, and unless otherwise indicated, an amended pleading supersedes the former pleading. In this case, plaintiff commenced its FOIA action when it timely filed the first complaint on April 11, 2017, tolling FOIA's 180-day limitations period under MCL 15.240. Because plaintiff filed its amended complaint within 14 days of defendant filing its motion to dismiss, the timely complaint superseded the original complaint.

3. By its own terms, *Scarsella*'s holding—that the plaintiff's failure to file the required affidavit of merit with a medical malpractice complaint rendered the complaint ineffective in that it did not toll the statute of limitations—was limited to the affidavit-of-merit requirement set forth in MCL 600.2912d(1). Accordingly, *Scarsella* was not applicable to the facts of this case. The language in the affidavit-of-merit and verification statutes was not identical, and the Court of Claims Act and FOIA do not contain language suggesting that failure to comply with the verification requirements set forth in MCL 600.6431 and MCL 600.6434 would render a complaint null and void. In particular, MCL 600.6434 does not override the MCL 600.1901 rules regarding commencing an action, does not override the MCL 600.5856 rules regarding tolling the statute of limitations, and does not condition tolling on compliance with the verification requirements; had the Legislature wanted the verification requirements to affect when an action is commenced or

when the statute of limitations is tolled, it could have said so. Moreover, *Scarsella* did not apply in the context of this case because in *Scarsella* the Court expressly declined to extend its nullity analysis to documents that are inadequate or defective, like in this case, as opposed to the affidavit of merit that was completely omitted by the plaintiff in *Scarsella*. Permitting a plaintiff to amend its original complaint to correct the lack of verification does not subvert the MCL 600.6434 verification requirement because the complaint would still need to be verified, and the complaint could be dismissed if the plaintiff failed to do so, just not on statute-of-limitations grounds.

Reversed and remanded.

Chief Justice MCCORMACK, joined by Justice VIVIANO, concurring, agreed with the majority that plaintiff's original unsworn and unverified complaint tolled the statute of limitations for its FOIA claim but wrote separately to explain why she would have overruled *Scarsella*. Even though *Scarsella* did not involve the Court of Claims Act or FOIA, the Court of Appeals analogized the affidavit of merit required to be filed with the medical malpractice complaint in that case to the statutorily required verification requirements in this case, concluding that the failure to have the complaint verified resulted in plaintiff's original complaint being legally invalid from its inception and, thus, that it did not commence the action or toll the statute of limitations. The Court of Appeals' analogy makes sense, but the majority rejects the reasoning, concluding that plaintiff's failure to sign or verify the complaint was more like when a medical malpractice plaintiff files an affidavit but the affidavit is inadequate or defective in some way; and because such inadequacies or deficiencies do not prevent the statute of limitations from being tolled in malpractice cases, it should not do so in this FOIA action. The majority is correct that the Court of Claims Act does not override or contradict the RJA's statutory rules for when an action is commenced or when the limitations period is tolled and that tolling the statute of limitations in this case does not render meaningless the Court of Claims Acts' verification requirements. The *Scarsella* Court's decision was questionable in that the same reasoning applies to medical malpractice actions because there is no statute that conditions tolling on the plaintiff's filing an affidavit of merit. The majority should have considered whether *Scarsella* was correctly decided even though the parties did not request such action or brief the issue. The standard for reconsidering the issue addressed in *Scarsella* is too high because it is unlikely that a case addressing the issue will be appealed given that *Scarsella* clearly states that when a plaintiff wholly omits to file an affidavit of merit with the complaint, the filing is ineffective and does not toll the period of limitations. This case demonstrates that while the Court is skeptical of *Scarsella*'s reasoning, *Scarsella*'s influence cannot be cabined to medical malpractice actions. Chief Justice MCCORMACK agreed that *Scarsella* was distinguishable in this case, but rather than resolve on a case-by-case-basis future litigants' attempts to extend *Scarsella* to other actions involving "mandatory" conditions of maintaining suit, she would hold that in accordance with MCL 600.5856(a), unless clearly stated otherwise, a statute of limitations or repose is tolled at the time the complaint is filed.

Justice MARKMAN, concurring, agreed with the majority opinion but wrote separately to express his disagreement with Chief Justice MCCORMACK's assertion that the Court should overrule *Scarsella*. In *Scarsella*, the plaintiff failed to file an affidavit of merit with his medical malpractice complaint, contrary to the requirements of MCL 600.2912d(1), which provides that the plaintiff in such an action *shall* file an affidavit of merit *with* the complaint. This Court concluded that use of the word "shall" indicates that an affidavit accompanying the complaint is

mandatory and imperative. Accordingly, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit. In *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68 (2015), this Court expanded on the reasoning in *Scarsella* and held that a medical malpractice action can only be commenced by filing a notice of intent and then filing an affidavit of merit with the complaint after the notice period has expired. *Scarsella* and *Tyra* were correctly decided and should be left undisturbed, particularly in the context of this case because this case was not a medical malpractice action, plaintiff could be given relief without addressing *Scarsella*, and neither party requested that *Scarsella* be reconsidered. In rejecting the Court of Appeals' reasoning related to *Scarsella*, the majority correctly concludes in accordance with *Saffian v Simmons*, 477 Mich 8 (2007), that the complaint in this case tolled the statute of limitations because the failure to verify the complaint was more like a defective affidavit of merit than an omitted affidavit. Nonetheless, the *Scarsella* rule is straightforward and consistent with the MCL 600.2912d(1) affidavit-of-merit requirement, and overruling *Scarsella* would not displace the reasonableness of the logic underlying it. The holding in *Scarsella* set forth a rule of procedure that is reasonable and manageable, does not present an insurmountable obstacle in carrying into effect the requirement of filing an affidavit of merit, and conforms with the plain language of the statute.

©2020 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED July 27, 2020

STATE OF MICHIGAN

SUPREME COURT

PROGRESS MICHIGAN,

Plaintiff-Appellant,

v

Nos. 158150-1

ATTORNEY GENERAL,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

Plaintiff, Progress Michigan, filed a request under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*., with defendant, then Attorney General William Schuette, seeking the disclosure of certain e-mail messages sent or received by Schuette or certain employees of his department.[1] The request was denied, and plaintiff

_____

[1] Attorney General Dana Nessel was subsequently elected and has taken over the defense of this lawsuit. For ease of reference in this opinion, however, we refer to Attorney General Schuette as the defendant.

brought suit in the Court of Claims, challenging that denial. Defendant moved for summary disposition, but the Court of Claims denied the motion with regard to the FOIA claim. The Court of Appeals reversed, reasoning that this Court's decision in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), rendered plaintiff's initial complaint a nullity, such that it could not be amended, and that the statutory period of limitations elapsed before the second complaint was filed. *Progress Mich v Attorney General*, 324 Mich App 659, 673-674; 922 NW2d 654 (2018). *Scarsella* does not apply in this context, and plaintiff complied with the statutory requirements necessary to sustain its claim under the FOIA. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the Court of Claims for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed its FOIA request on September 27, 2016, seeking the disclosure of all e-mail messages sent or received by 21 employees of defendant's department[2] using personal e-mail accounts in the performance of any official function since November 1, 2010. Defendant denied the request on October 19, 2016, stating that only a single e-mail message met plaintiff's description and that the e-mail message was not subject to disclosure because it was exempt from disclosure under the FOIA as attorney work

---

[2] The individuals were John Bandstra, Kathryn Barron, Andrea Bitely, John Bursch, Alan Cropsey, Lori Gay, Holly Gustafson, Gerald (Rusty) Hills, Carol Isaacs, Esther Jentzen, Aaron Lindstrom, Sharon Lollio, Peter Manning, Beth Nurenberg, Matthew Schneider, William (Bill) Schuette, John Sellek, Dan Sonneveldt, Dennis Startner, Barbara Teszlewicz, and Joy Yearout.

product. Plaintiff filed an internal appeal on November 26, 2016; defendant denied the appeal on December 12, 2016.

Plaintiff filed its complaint[3] in the Court of Claims on April 11, 2017, alleging that defendant's denial violated the FOIA and that defendant had failed to preserve state records under the Management and Budget Act (MBA), MCL 18.1101 *et seq.* On May 16, 2017, in lieu of filing an answer, defendant moved for summary disposition under MCR 2.116(C)(4), (7), and (8). Defendant argued, in part, that plaintiff's complaint was subject to dismissal because it was not signed and verified as required by MCL 600.6431(1) of the Court of Claims Act (COCA), MCL 600.6401 *et seq.* Plaintiff filed a nearly identical amended complaint on May 26, 2017. The allegations were the same, but the amended complaint was verified—that is, it was signed by plaintiff's executive director and sworn to before the Ingham County Clerk. Defendant once again moved for summary disposition under MCR 2.116(C)(4), (7), and (8), this time arguing that the amended complaint was untimely because it was filed outside the FOIA's 180-day period of limitations (i.e., more than 180 days after October 19, 2016).[4] See MCL 15.240.

The Court of Claims granted defendant's motion with respect to plaintiff's claim under the MBA but denied defendant's motion for summary disposition of the FOIA claim, holding that plaintiff had complied with MCL 600.6431(1) and the applicable statute of limitations. The Court of Claims, citing the language of MCL 600.6431 and our decision

---

[3] Plaintiff sued defendant "in his official capacity as Attorney General and head of the Department of Attorney General."

[4] Defendant did not argue that the amended complaint was not properly verified.

in *McCahan v Brennan*, 492 Mich 730; 822 NW2d 747 (2012), concluded that to be compliant, the notice or claim had to be filed within the specified period (1 year), and it rejected defendant's position that a plaintiff is limited to only one opportunity to meet that requirement. On that basis, the Court of Claims concluded that plaintiff's amended complaint was timely filed under MCL 600.6431. The Court of Claims also rejected defendant's argument that plaintiff's amended complaint was untimely because it was filed outside the FOIA's 180-day limitations period. Relying on MCL 600.5856(a), the Court of Claims concluded that the statutory period of limitations was tolled at the time the original complaint was filed and that the amendment related back to the date of the original complaint because the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original pleading.

Defendant appealed in the Court of Appeals.[5] The Court of Appeals first rejected plaintiff's argument that the Court lacked jurisdiction in Docket No. 340921 because the Court of Claims' denial of summary disposition was not a "final judgment" or "final order" under MCR 7.202(6). *Progress Mich*, 324 Mich App at 665-666. Plaintiff argued that the Court of Claims did not deny defendant governmental immunity because there is no governmental immunity applicable to plaintiff's claim under the FOIA. The Court of Appeals determined that because defendant asserted that compliance with MCL

---

[5] Defendant appealed by right the denial of his motion for summary disposition under MCR 2.116(C)(7) based on governmental immunity (Docket No. 340921). Defendant also filed an application for leave to appeal from the denial of his motion for summary disposition under MCR 2.116(C)(7) based on the statute of limitations (Docket No. 340956). The Court of Appeals granted defendant's application and consolidated the two appeals.

4

600.6431(1) was a condition precedent to avoiding governmental immunity, see *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015), the denial of defendant's motion amounted to " 'an order denying governmental immunity to a governmental . . . official,' " making it a "final order under MCR 7.202(6)(a)(v)." *Progress Mich*, 324 Mich App at 665-666 (citation omitted). The Court went on to conclude that, regardless, it had jurisdiction over the appeal because it had granted leave to appeal in Docket No. 340956. *Id*. at 666.

The Court of Appeals then concluded that although the original complaint was timely, the bar-to-claim language of MCL 600.6431 was triggered because it was not signed and verified. *Id*. at 670-671. The Court analogized the unverified complaint in this case to the medical malpractice complaint filed in *Scarsella*, 461 Mich at 549. In that case, the plaintiff did not include with the complaint the affidavit of merit (AOM) required under MCL 600.2912d; because of the plaintiff's failure to include the statutorily required AOM, this Court had held that the complaint was " 'insufficient to commence the plaintiff's malpractice action' " and insufficient to toll the limitations period. *Progress Mich*, 324 Mich App at 671, quoting *Scarsella*, 461 Mich at 550. The Court of Appeals reasoned that because the complaint in this case was not verified, the claim could not be maintained because it "lacked legal validity from its inception" and was a "nullity." *Progress Mich*, 324 Mich App at 673. Because "there was nothing pending that could be amended," the amended complaint did not cure the defect of the original complaint, and any attempt by plaintiff to amend the complaint under MCR 2.118 was ineffectual. *Id*. (quotation marks omitted). Because the amended complaint was filed outside the FOIA's 180-day statute of limitations, neither could it commence the action on its own. *Id*. at 674 n 3. The Court

reversed and remanded to the Court of Claims for entry of summary disposition in favor of defendant. *Id*. at 674.

We granted leave and directed the parties to address: "(1) whether there is a sovereign or governmental immunity defense to the failure to disclose public records pursuant to the [FOIA]; (2) if so, whether that immunity is waived by the FOIA; (3) whether the notice and verification requirements of the [COCA], see MCL 600.6431(1), are applicable to [an] FOIA appeal; (4) if so, whether the Court of Appeals erred when it held that the plaintiff's failure to follow the verification requirement in its original complaint, which was filed within one year after the FOIA claim accrued, MCL 600.6431(1), rendered the complaint 'invalid from its inception' and incapable of amendment; and (5) whether the Court of Appeals erred when it held that the verified amended complaint, also filed within the one-year period, could not 'relate back' to the date of the original complaint for purposes of compliance with the 180-day limitations period of the FOIA." *Progress Mich v Attorney General*, 503 Mich 982, 982-983 (2019).

## II. STANDARD OF REVIEW

Plaintiff's challenge to the jurisdiction of the Court of Appeals requires us to interpret the COCA, which presents a statutory question this Court reviews de novo. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767; 664 NW2d 185 (2003). The availability of governmental immunity presents a question of law that is likewise reviewed de novo. *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 179; 931 NW2d 539 (2019).

6

In our order granting plaintiff's application for leave to appeal, we asked the parties to address (1) whether there is a sovereign or governmental immunity defense to the failure to disclose public records under the FOIA and (2) if so, whether that immunity is waived by the FOIA. *Progress Mich*, 503 Mich at 982-983. Plaintiff argues that there is no sovereign or governmental immunity defense to its claim under the FOIA because this Court has previously recognized a common-law mandamus action to compel disclosure of public documents against the state that was not barred by immunity; moreover, the subsequently enacted FOIA explicitly waives any immunity. Defendant agrees that under the FOIA, he is subject to suit but argues that he is entitled to a sovereign-immunity defense in the FOIA suit because plaintiff's originally filed unverified complaint did not comply with MCL 600.6431. The Court of Appeals, citing *Fairley*, 497 Mich at 297, considered the issue of plaintiff's compliance with MCL 600.6431 as an issue of immunity, reasoning that the verification requirement was a condition precedent for avoiding governmental liability. *Progress Mich*, 324 Mich App at 665-666. The Court concluded that the Court of Claims' "denial of summary disposition constituted a denial of governmental immunity to a governmental party, and the order thus constituted a final order," granting the Court of Appeals jurisdiction over the appeal by right. *Id*. at 666.

As this Court recognized in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 598; 363 NW2d 641 (1984), the state is immune from suit unless, and only to the extent that, it consents to be sued:

> From statehood forward, Michigan jurisprudence recognized that the sovereign (the state) was immune from *all* suits, including suits for tortious injuries which it had caused. The rationale for sovereign immunity was never

7

grounded in a belief that the state could do no wrong. Rather, sovereign immunity existed in Michigan because the state, as creator of the courts, was not subject to them or their jurisdiction. As the Supreme Court stated in *Michigan State Bank v Hastings*, 1 Doug 225, 236 (Mich, 1844):

> The principle is well settled that, while a state may sue, it cannot be sued in its own courts, unless, indeed, it consents to submit itself to their jurisdiction. * * * [A]n act of the legislature, conferring jurisdiction upon the courts in the particular case, is the usual mode by which the state consents to submit its rights to the judgment of the judiciary.

Thus, the original Michigan rule held that the state was immune from all suits except to the extent that it consented to be sued in its courts.

The Legislature can, and has, abrogated the state's sovereign immunity by enacting legislation consenting to suit. Relevant to this case, the Legislature has consented to suit against public bodies and waived its sovereign immunity under the FOIA.[6] Specifically,

---

[6] While statutory waivers of immunity would come later, there have always been exceptions to the background rule of absolute sovereign immunity for the state recognized at common law. Common-law writs of mandamus and habeas corpus existed before there was any legislative waiver of immunity from suit. The state necessarily was subject to suit for those writs—i.e., it was not immune from suit—because, otherwise, these writs would be an empty promise of a remedy. Specifically, in *Nowack v Auditor General*, 243 Mich 200, 203-204; 219 NW 749 (1928), this Court recognized a common-law right to access public records with no indication that the state was immune from such an action. This is likely because any immunity defense theory for a mandamus action would defeat the point of the writ of mandamus; if the state could assert immunity from the writ, the writ would have no function.

The FOIA statute, first enacted in 1976, effective April 13, 1977—see 1976 PA 442—specifically codified into statute a mandamus-like action whereby plaintiffs could seek to compel the government to perform the legal duty to disclose public documents. The extent to which the common-law right to compel production of public documents exists outside the FOIA, if at all, has not been raised by the parties, and it is not necessary for us to decide that question in this case. Plaintiff's claim is not a mandamus action seeking to compel defendant to produce the disputed documents. Plaintiff's claim is an FOIA claim that must be resolved under that act.

8

the act authorizes individuals to initiate a civil action against a public body to challenge a final determination that denied all or a portion of a request for documents.  MCL 15.240. The FOIA defines "public body" to include the following: "A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government . . . ."  MCL 15.232(h)(*i*).  Accordingly, because there is no question that defendant is considered a "public body," plaintiff could assert a claim under the FOIA for defendant's denial of its request for documents.

MCL 15.240 also specifies how such an FOIA suit should be filed.  The statute requires that a plaintiff must file the suit in the Court of Claims within 180 days of the final determination denying the plaintiff's request:

> (1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:
>
> (a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.
>
> (b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request. [*Id.*]

Accordingly, because a decision of a state public body was at issue, plaintiff was required to commence its civil action in the Court of Claims within 180 days of October 19, 2016, the date defendant first denied plaintiff's FOIA request.[7]  Plaintiff did exactly that:

---

[7] Plaintiff has not challenged defendant's position that the 180-day period of limitations under MCL 15.240 began to run when defendant first denied plaintiff's FOIA request on October 19, 2016, rather than when defendant denied plaintiff's appeal of that denial on

9

in compliance with MCL 15.240, plaintiff filed its action in the Court of Claims within the 180-day limitations period. Despite this, defendant argued that he was entitled to governmental immunity because plaintiff's original complaint was not verified and that, therefore, plaintiff did not comply with MCL 600.6431 of the COCA. Citing *Fairley*, 479 Mich at 297, the Court of Appeals agreed, concluding that compliance with the COCA was a condition precedent to avoiding defendant's immunity. *Progress Mich*, 324 Mich App at 665-666. Whether compliance with the COCA is properly considered a question of immunity or a question of compliance with the rules of the forum is a question of no moment because plaintiff was required to comply with the COCA either way.[8] We disagree with the Court of Appeals, however, that plaintiff failed to comply with the COCA.

First, we address the statutory authority for the verification requirement. Defendant has offered the concession that under *Pike v Northern Mich Univ*, 327 Mich App 683, 695-

---

December 12, 2016. Accordingly, and because we hold that plaintiff's original complaint tolled the statutory period of limitations, we do not address whether defendant is correct on this point.

[8] We acknowledge that in *Fairley*, 479 Mich at 297, we stated that "while MCL 600.6431 does not 'confer governmental immunity,' it establishes conditions precedent for avoiding the governmental immunity conferred by the [the governmental tort liability act (GTLA), MCL 691.1401 *et seq*.], which expressly incorporates MCL 600.6431." Further, we rejected the Court of Appeals' interpretation of MCL 600.6431 as merely establishing procedures for suing the state under the GTLA. *Id*. at 297 n 11. *Fairley* is not directly applicable here because it involved a claim under the GTLA rather than under the FOIA and the Court's analysis of the interplay between the GTLA and the COCA was specific to those statutes. More importantly, we need not decide whether compliance with the COCA is a question of immunity or a question of compliance with the rules of the forum because the answer is the same—plaintiff must comply with the COCA to maintain its claim against defendant.

697; 935 NW2d 86 (2019), MCL 600.6431 would not apply because defendant is not "the state," although defendant maintains *Pike* was wrongly decided. MCL 600.6431 provides:

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

(2) A claim or notice under subsection (1) must contain all of the following:

(a) A statement of the time when and the place where the claim arose.

(b) A detailed statement of the nature of the claim and of the items of damage alleged or claimed to have been sustained.

(c) A designation of any department, commission, board, institution, arm, or agency of the state involved in connection with the claim.

(d) A signature and verification by the claimant before an officer authorized to administer oaths.

(3) A claimant shall furnish copies of a claim or notice filed under subsection (1) to the clerk at the time of filing for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms, or agencies of this state designated in the claim or notice.

(4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim.

(5) This section does not apply to a claim for compensation under the wrongful imprisonment compensation act, 2016 PA 343, MCL 691.1751 to 691.1757.[9]

---

[9] MCL 600.6431 was recently amended by 2020 PA 42, effective March 3, 2020. However, the statute applies retroactively to March 29, 2017. 2020 PA 42, enacting section 1.

11

Even if MCL 600.6431 does not apply because defendant is not a "state," there is no question plaintiff was required to comply with MCL 600.6434, which provides:

(1) Except as provided in this section, the pleadings shall conform to the rules for pleadings in the circuit courts.

(2) *The complaint shall be verified.* The pleadings of the state need not be verified.

(3) The complaint shall be served upon any department, commission, board, institution, arm, or agency of the state involved in the litigation, in the same manner as a complaint filed in the circuit court.

(4) With each paper, including the original complaint filed by the claimant, 1 copy of each shall be furnished to the clerk who shall immediately transmit the copy to the attorney general. [Emphasis added.]

There is no dispute that the originally filed complaint was not verified as required under MCL 600.6434(2). As for the amended complaint, it appears from the face of the pleading that it was not, in fact, verified.[10] However, defendant stated affirmatively that

---

Because plaintiff filed its complaint in the Court of Claims on April 11, 2017, all references in the analysis section of this opinion to MCL 600.6431 are to the current version of the statute.

[10] MCR 1.109(D)(3) specifies the verification requirement:

Verification. Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit. If a document is required or permitted to be verified, it may be verified by

(a) oath or affirmation of the party or of someone having knowledge of the facts stated; or

(b) except as to an affidavit, including the following signed and dated declaration:

"I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the

the amended complaint was properly verified multiple times throughout the course of this litigation. Specifically, defendant asserted the second complaint was verified in his second motion for summary disposition in the Court of Claims, in his brief on appeal in the Court of Appeals, and in his brief on appeal in this Court.[11] Further, when specifically invited at oral argument in this Court to argue that the amended complaint was not verified, defendant declined. Defendant did not address verification under MCL 600.6434 separately from verification under MCL 600.6431, and while the statutes function slightly differently, there is no difference between their verification requirements. Accordingly, defendant has waived any argument that the amended complaint was not properly verified. *Sweebe v Sweebe*, 474 Mich 151, 156-157; 712 NW2d 708 (2006) (A "waiver is the intentional relinquishment of a known right.") (quotation marks, citation, and alteration omitted).

---

best of my information, knowledge, and belief." Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration.

The amended complaint contains no oath or affirmation by plaintiff or by someone having knowledge of the facts stated and does not include a signed and dated declaration consistent with MCR 1.109(D)(3)(b). The amended complaint merely includes the signature of plaintiff's executive director, subscribed and sworn to before the Ingham County Clerk.

[11] See Defendant's Second Motion for Summary Disposition in the Court of Claims (June 13, 2017) at 2 ("In response, on May 26, 2016, Progress Michigan filed its First Amended Complaint, which differed only in that it was signed and verified."); Defendant's Brief on Appeal in the Court of Appeals (January 25, 2018) at 17 n 8 ("The only difference between the amended and original complaints was Progress Michigan's addition of its verified signature as required by MCL 600.6431(1)); Defendant's Brief on Appeal in this Court (June 26, 2019) at 24 ("In an attempt to cure this deficiency, it filed a verified amended complaint on May 26, 2017 . . . .").

13

Having waived any challenge to the amended complaint's verification, defendant's sole argument in support of dismissal of the amended complaint is that it was filed outside the 180-day limitations period specified in MCL 15.240. The Court of Appeals agreed, reasoning that because the original complaint was not verified, it was a nullity. *Progress Mich*, 324 Mich App at 673. Despite the fact that the complaint had been accepted for filing by the Court of Claims, had been served on defendant, and had been the subject of defendant's first responsive pleading, the Court of Appeals concluded that it was as if the complaint never even existed and could not have been amended to comply with the verification requirement. We disagree.

To determine whether the amended complaint was timely filed, we first need to analyze the effect of the unverified original complaint. To do this, we look to the procedures that govern practice in the Court of Claims. Under MCL 600.6422, practice and procedure in the Court of Claims is governed by the statutes and court rules applicable to proceedings in the circuit court, unless otherwise specifically stated in the COCA:

> (1) Practice and procedure in the court of claims shall be in accordance with the statutes and court rules prescribing the practice in the circuit courts of this state, except as otherwise provided in this section.

> (2) The supreme court may adopt special rules for the court of claims.

> (3) All fees in the court of claims shall be at the rate established by statute or court rule for actions in the circuit courts of this state and shall be paid to the clerk of the court of claims.

Similarly, MCL 600.6434(1) states, "Except as provided in this section, the pleadings shall conform to the rules for pleadings in the circuit courts."

The Revised Judicature Act (RJA), MCL 600.101 *et seq.*, governs practice and procedure in the Court of Claims because the COCA is contained within the RJA. Relevant to this case, two provisions of the RJA prescribe the practice and procedure in the circuit court and, therefore, the Court of Claims: MCL 600.1901 and MCL 600.5856. MCL 600.1901 states that an action is commenced upon the filing of a complaint in a court.[12] MCL 600.5856(a) states that the statutory period of limitations is tolled upon the filing of a complaint. Nothing in the COCA or the FOIA prescribes different practices or procedures governing the commencement of an action or the tolling of a limitations period. Accordingly, these statutes apply, and plaintiff's FOIA action was commenced when it filed the complaint on April 11, 2017; the filing of the original complaint tolled the 180-day limitations period under MCL 15.240, leaving six days remaining before the limitations period passed.

As already discussed, because the original complaint was not verified, it did not comply with MCL 600.6434(2) and was subject to dismissal. But plaintiff proceeded to amend the complaint under the Michigan Court Rules to correct the lack of verification. Under MCR 2.118(A)(1), plaintiff was entitled to amend its complaint, without seeking leave from the Court of Claims, within 14 days of defendant filing its motion to dismiss.[13]

---

[12] See also MCR 2.101(B) ("A civil action is commenced by filing a complaint with a court.").

[13] MCR 2.118(A)(1) states:

> A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or

15

See also MCL 600.2301.[14]  Plaintiff did so: defendant's motion to dismiss the complaint was filed on May 16, 2017, and the amended complaint was filed on May 26, 2017.  Under MCR 2.118(A)(4), "[u]nless otherwise indicated, an amended pleading supersedes the former pleading."  Accordingly, the amended complaint, timely filed under MCR 2.118(A)(1), superseded the original complaint.

The Court of Appeals held that because it was not verified, plaintiff's original complaint did not commence the action in the Court of Claims and that it therefore did not toll the statutory period of limitations.  In the Court of Appeals' own words, the original complaint was a "nullity" that could not be amended.  *Progress Mich*, 324 Mich App at 673.  In reaching this conclusion, the Court of Appeals extended this Court's decision in *Scarsella*, 461 Mich 547, to apply in the context of this case—that is, the Court of Appeals analogized the *Scarsella* plaintiff's failure to file a statutorily required AOM with his medical malpractice complaint, with plaintiff's failure in this case to file a verified complaint originally.  *Progress Mich*, 324 Mich at 673.

---

within 14 days after serving the pleading if it does not require a responsive pleading.

[14] MCL 600.2301 provides:

The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein.  The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

We first note that by its own terms, *Scarsella* does not apply here. In *Scarsella*, the Court examined the MCL 600.2912d(1) requirement that a medical malpractice plaintiff "shall file with the complaint an [AOM] signed by a health professional . . . ." Limiting our holding to the AOM requirement in that statute, we held that the plaintiff's failure to file the affidavit rendered the complaint "ineffective," in that it would "not work a tolling of the applicable period of limitation." *Scarsella* 461 Mich at 553. We note the obvious that the complaint at issue here does not allege a claim of medical malpractice and, hence, does not fall within *Scarsella*'s express holding.[15] Without explaining why the verification requirement should be considered substantially similar to the MCL 600.2912d AOM requirement, the Court of Appeals merely concluded that the verification requirement (of

---

[15] Moreover, the complaint in *Scarsella* omitted the requisite AOM, whereas here defendant argued the original complaint was insufficient or incomplete because it lacked the requisite verification. *Scarsella* explicitly stated:

> Today, we address only the situation in which a medical malpractice plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1); MSA 27A.2912(4)(1). In such an instance, the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation. *This holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective.* [*Scarsella*, 461 Mich at 553 (emphasis added).]

In this case, the complaint was not "wholly omit[ted]" but, rather, was "inadequate or defective." *Scarsella* explicitly declined to extend its "nullity" analysis to the context in which the document (there the affidavit, here the complaint itself) is present, but is "inadequate or defective." That is the situation here. By its own terms, *Scarsella* does not apply. See also *Saffian v Simmons*, 477 Mich 8, 13-14; 727 NW2d 132 (2007) ("*Scarsella* did not address the problem of a defective affidavit of merit.").

17

MCL 600.6431) "is analogous to the requirements for initiating a medical malpractice claim." *Progress Mich*, 324 Mich App at 671. We disagree.[16]

First, as even the Court of Appeals acknowledged, the language of the medical malpractice and verification statutes are not identical. *Id*. at 672 n 2. Further, nothing in MCL 600.6431 or MCL 600.6434 suggests that the failure to comply with the verification requirement renders a complaint "null and void." Nor does any other provision of the COCA or the FOIA. Finally, as already stated, MCL 600.6422(1) dictates that the court rules governing civil actions in the circuit court govern actions in the Court of Claims, and no court rule renders a complaint filed without the requisite verification a nullity.

Construing MCL 600.6434 as requiring that the complaint be verified, as we must under *McCahan*, does not mean that an unverified complaint does not commence a civil action under MCL 600.1901 or toll the limitations period under MCL 600.5856. Nothing in MCL 600.6434 (or any other provision of the COCA) suggests otherwise. MCL 600.6434 says absolutely nothing that would contradict or override the general rules pertaining to commencing an action under MCL 600.1901 or tolling the limitations period under MCL 600.5856. Nor does MCL 600.6434 explicitly condition tolling on the verification requirement. All MCL 600.6434 requires is that the complaint be verified. It is not inconsistent to require a plaintiff to comply with the verification requirement in MCL 600.6434 while at the same time permitting the action to be commenced under MCL 600.1901 and the limitations period tolled under MCL 600.5856(1).

---

[16] Although amicus curiae, Michigan Association for Justice, argues that *Scarsella* was incorrectly decided, we need not reach the issue because plaintiff has not asked us to do so and the case is distinguishable by its own terms.

18

Finally, we reject defendant's argument that permitting plaintiff to amend its complaint to correct the lack of verification would allow plaintiff to subvert the verification requirement of MCL 600.6434. Recognizing that an action is commenced under MCL 600.1901 and that the statutory period of limitations is tolled under MCL 600.5856 upon the filing of a complaint does not render the verification requirements of MCL 600.6434 meaningless. Plaintiffs still have to verify the complaint, and their complaint might be dismissed if they fail to do so, just not on statute-of-limitations grounds.[17] Likewise, nothing in the language of MCL 15.240 suggests that the verification requirement of MCL 600.6434 (or MCL 600.6431) has any bearing on the question of when an action is commenced or whether the statutory period of limitations is tolled. To the contrary, the rules applicable in the Court of Claims state that an action is commenced and the statutory limitations period is tolled upon the filing of a complaint. Had the Legislature intended the verification requirement to affect the commencement of the action or the tolling of the statutory period of limitations under either the FOIA or the COCA, it could have, and presumably would have, so specified.[18]

---

[17] In denying the application for leave to appeal in *Castro v Goulet*, 501 Mich 884, 886 (2017), Justice VIVIANO offered a similar analysis concerning the MCL 600.2912d(1) AOM requirement and the statute of limitations in MCL 600.5856(1). *Castro*, 501 Mich 884, 886 (2017) (VIVIANO, J., concurring) ("No one has yet offered a convincing argument why it would be inconsistent to mandate the AOM filing in § 2912d(1) while at the same time permitting § 5856(1) to toll the running of the statutory limitations period. Tolling in these circumstances would not appear to vitiate the requirements of § 2912d(1): plaintiffs would still have to file the AOM and their claims might be dismissed when they failed to do so, just not on statute of limitations grounds.").

[18] There is no need to analyze whether the amended complaint related back under MCR 2.118(D). As discussed, the original complaint—which set forth the entire FOIA claim

19

IV.  CONCLUSION

Because the Court of Appeals erred by granting defendant summary disposition, we reverse the judgment of the Court of Appeals and remand the case to the Court of Claims for further proceedings.

Megan K. Cavanagh
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement

---

and satisfied the limitations period in MCL 15.240(1)(b)—was not a "nullity."  The amendment only corrected the technical verification requirement; it did not add a new claim.  See 1 Mich Court Rules Practice, *Relation Back of Amendments–In General* (7th ed), § 2118.11, pp 884-885 ("The chief importance of the relation-back rule is to determine whether or not the statute of limitations has been satisfied.  In broad terms, if the original complaint was timely, it satisfied the statute of limitations even if it was defective and even if the amendment that cured the defect was not made until after the running of the statute.  On the other hand, an amendment that raises a new claim (*i.e.*, one that does not arise out of the same transaction or occurrence) does not relate back, and if it is raised for the first time after the statute of limitations has run, it may be attacked on that ground.").

20

# STATE OF MICHIGAN

## SUPREME COURT

PROGRESS MICHIGAN,

      Plaintiff-Appellant,

v                                  Nos. 158150-1

ATTORNEY GENERAL,

      Defendant-Appellee.

_____

MCCORMACK, C.J. (*concurring*).

I agree with the Court that the unsworn and unverified original complaint tolled the statute of limitations on the plaintiff's Freedom of Information Act (FOIA)[1] claim. The Court of Appeals erred by holding otherwise, and the Court is right to reverse its judgment. I write separately to explain why today I would also overrule our decision in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000).

As the Court explains, *Scarsella* did not involve the Court of Claims Act[2] or the FOIA; the question that *Scarsella* presented is how a trial court should proceed if a plaintiff in a medical malpractice action files a complaint without also filing the "affidavit of merit" required by MCL 600.2912d.[3] Despite that dissimilarity, the Court of Appeals followed

---

[1] MCL 15.231 *et seq.*

[2] MCL 600.6401 *et seq.*

[3] MCL 600.2912d(1) provides that "the plaintiff in an action alleging medical malpractice . . . shall file with the complaint an affidavit of merit signed by a health professional . . . ." The affidavit must include, among other things, a statement identifying

*Scarsella*'s roadmap to conclude that the plaintiff's original complaint "lacked legal validity from its inception" because it was neither signed nor verified. *Progress Mich v Attorney General*, 324 Mich App 659, 673; 922 NW2d 654 (2018).

But it is hard to fault the Court of Appeals; the analogy makes sense. In *Scarsella*, 461 Mich at 553, this Court stated that when "a medical malpractice plaintiff wholly omits to file" the affidavit of merit, "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." That result was required, the Court held, because MCL 600.2912d(1) uses mandatory language—"the plaintiff . . . *shall* file with the complaint an affidavit of merit . . . ." (Emphasis added.) See *Scarsella*, 461 Mich at 549 ("Use of the word 'shall' indicates that an affidavit accompanying the complaint is mandatory and imperative. . . . We therefore conclude that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit."). And while dismissal of the affidavit-lacking complaint is without prejudice, the dismissal is fatal if (absent tolling) a subsequent action is time-barred. *Id*. at 549-550. That was the result in *Scarsella*, and so, too, the Court of Appeals concluded here.

Requiring a plaintiff to sign their complaint and verify the facts it alleges is different than requiring a plaintiff to provide a presuit affidavit from an expert who will opine favorably on the plaintiff's claim. But those differences didn't cause the panel to pause. Citing *Scarsella* favorably, it recognized that both cases involve "mandatory prerequisites to filing suit and thus present the same issue." *Progress Mich*, 324 Mich App at 672 n 2.

---

the applicable standard of practice or care and a description of how the defendant breached that standard. MCL 600.2912d(1)(a) through (d).

As a result, the original complaint was a "nullity," a legal zero that neither commenced the plaintiff's FOIA action nor tolled the limitations period. *Id*. at 673.

The Court today rejects this logic. It finds a distinction when the Court of Appeals did not, explaining that the defects in the original complaint identified by the defendant— that it was neither signed nor verified—are more like when a plaintiff *does* file an affidavit of merit, but that affidavit is inadequate or defective in some way. And analogizing also to our medical malpractice caselaw, these deficiencies would not prevent tolling of the statute of limitations there, so it should not here either. Compare *Kirkaldy v Rim*, 478 Mich 581, 586; 734 NW2d 201 (2007) (a deficient affidavit of merit suffices to toll the limitations period "until the validity of the affidavit is successfully challenged in 'subsequent judicial proceedings,' " at which point the limitations period continues to run).

This reasoning should not be interpreted as an endorsement of *Scarsella*. Indeed, the Court explains today that the Court of Claims Act "says absolutely nothing that would contradict or override" the statutory rules for when an action is commenced or when the limitations period is tolled. See MCL 600.1901; MCL 600.5856.[4] And tolling the statute of limitations in a case such as this one would not render meaningless the Court of Claims Act's signature and verification requirements—a defective complaint might still be subject to dismissal, but the running of the limitations period would be tolled until that time.

All true. And of course, these same points apply to medical malpractice actions because there is no statutory provision that conditions tolling on the plaintiff's filing of an

---

[4] Under those rules, "[a] civil action is commenced by filing a complaint with the court," MCL 600.1901, and statutes of limitations are tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules," MCL 600.5856(a).

affidavit of merit. Others have beat me to this point. See *Kirkaldy*, 478 Mich at 587 (M. CAVANAGH, J., concurring) ("Clearly, the Legislature did not instruct that the period of limitations for a medical malpractice action would be tolled only when a complaint and an affidavit of merit are filed."); see also *Castro v Goulet*, 501 Mich 884, 886-887 (2017) (VIVIANO, J., concurring) ("Absent any explicit textual indication that filing the [affidavit of merit] is a condition to tolling, *Scarsella*'s contrary conclusion is questionable because we must be cautious not to read into the statute what is not within the Legislature's intent as derived from the language of the statute.") (cleaned up).

Compared to the statutes involved here, the textual absence in the affidavit-of-merit statute, MCL 600.2912d, is a *stronger* indication that tolling simply requires the filing of a complaint timely served. That is because in enacting Public Act 78 of 1993—the public act that created the affidavit–of-merit requirement—the Legislature added another procedural prerequisite for would-be medical malpractice plaintiffs, requiring them to provide a defendant with notice of intent to sue "not less than 182 days before the action is commenced." MCL 600.2912b(1). And in it, the Legislature explicitly addressed the interplay between this new notice requirement and our tolling rules. As amended by 1993 PA 78, our tolling statute, MCL 600.5856, provided: "The statutes of limitations or repose are tolled . . . [i]f, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b." MCL 600.5856(d), as amended by 1993 PA 78 (paragraph structure omitted). That is, the Legislature explained in words how the new notice provision worked with the tolling statute.

4

That explicit provision makes the Legislature's *silence* on whether an affidavit of merit is needed to effectuate tolling under MCL 600.5856(a), well, *loud*. As Justice VIVIANO put it: "[T]he Legislature knows how to tweak the limitations period in the medical malpractice context, but does not appear to have done so for [affidavits of merit]." *Castro*, 501 Mich at 887 (VIVIANO, J., concurring).

But the Court today declines to consider whether *Scarsella* was correctly decided. I appreciate the Court's desire to avoid disrupting precedent when we have not been asked to do so by the parties. But I believe that our standard for reconsidering *Scarsella* might be too high. Ideally, a case would present in which the question is neatly asked: a medical malpractice plaintiff whose claim is dismissed as untimely, with that dismissal resulting from the failure to file an affidavit of merit contemporaneously with the complaint (and with no excusable reason for failing to do so, see MCL 600.2912d(2) and (3)). But that's unlikely because *Scarsella*'s rule is clear: when a plaintiff "wholly omits" to file the affidavit of merit "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." *Scarsella*, 461 Mich at 553. This language leaves no room for interpretation or debate; under *Scarsella*, no attorney can omit filing the affidavit and expect a different result. And because even a hastily prepared affidavit of merit puts the plaintiff in a much better litigation position than none at all, see *Kirkaldy*, 478 Mich at 586 (opinion of the Court), that there is a potentially meritorious argument for overruling *Scarsella* is not a risk that any prudent attorney would knowingly take.

Perhaps because of this, our post-*Scarsella* opinions have not confronted *Scarsella* head-on but have, instead, tried to make sense of its (I assume) unintended consequences when a flawed affidavit is timely filed but later challenged by the defendant. See, e.g.,

5

*Saffian v Simmons*, 477 Mich 8, 13-14; 727 NW2d 132 (2007) (an affidavit of merit bears a presumption of validity and a "technically deficient" affidavit is not a valid reason for setting aside the defendant's default for failing to file an answer); *Kirkaldy*, 478 Mich at 586 (opinion of the Court) (an affidavit that did not fully comply with the statutory requirements would still operate to toll the statute of limitations until successfully challenged); *Ligons v Crittenton Hosp*, 490 Mich 61, 76, 89-90; 803 NW2d 271 (2011) (whether a defective affidavit of merit tolls the saving period provided for by the wrongful death saving statute, MCL 600.5852).

The result has been a category of lawsuits that amicus curiae, Michigan Association for Justice, aptly describes as "spectral": cases assigned a docket number and litigated in the courts, but somehow never begun because the cases were a "nullity." And this oddity is not limited to cases that are controlled by our holding in *Scarsella*; we have also extended it to the presuit notice required by MCL 600.2912b. In *Burton v Reed City Hosp Corp*, 471 Mich 745, 752-754; 691 NW2d 424 (2005), this Court held that a "prematurely filed complaint"—one that is filed less than 182 days after the plaintiff gives presuit notice— does not commence a medical malpractice action. Like when a plaintiff omits the affidavit of merit when filing a complaint, a prematurely filed complaint is ineffective to toll the limitations period because "[e]ach statute [MCL 600.2912b and MCL 6002912d] sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit." *Burton*, 471 Mich at 754. And these "spectral cases" are not resolved on their underlying merits

6

but, instead, on whether the plaintiff managed to navigate the complex set of tolling rules we have created.[5]

I agree with the Court that *Scarsella can* be distinguished here. But I respectfully disagree that we should not take the final step this case implies and overrule it. As this case shows, not only is the Court leery of *Scarsella*'s reasoning, we also cannot expect its influence to stay cabined to medical malpractice actions and MCL 600.2912d. How *Scarsella*'s reasoning can be extended is limited only by a litigant's imagination, no matter how trivial a "mandatory" condition for maintaining suit might be. Rather than resolve these future questions case by case, I would hold today that unless clearly stated otherwise, a statute of limitations or repose is tolled "[a]t the time the complaint is filed," as MCL 600.5856(a) says.

> Bridget M. McCormack
> David F. Viviano

---

[5] I agree with Justice MARKMAN that the affidavit-of-merit requirement was likely designed by the Legislature to make it more difficult for medical malpractice plaintiffs to bring suit. But statutory interpretation begins with the law's plain language, not with the policy that may have motivated it. And *Scarsella*'s holding is inconsistent with the plain language of our tolling statute.

STATE OF MICHIGAN

SUPREME COURT

PROGRESS MICHIGAN,

        Plaintiff-Appellant,

v                                                                                                  Nos. 158150-1

ATTORNEY GENERAL,

        Defendant-Appellee.

_____

MARKMAN, J. (*concurring*).

I fully concur with the majority opinion and write separately only to express my disagreement with Chief Justice MCCORMACK's assertion that this Court should overrule *Scarsella v Pollack*, 461 Mich 547; 607 NW2d 711 (2000).

In *Scarsella*, the plaintiff failed to file an affidavit of merit with his medical malpractice complaint, contrary to the requirements of MCL 600.2912d(1), which provides that the plaintiff in such an action "*shall* file with the complaint an affidavit of merit." *Scarsella*, 461 Mich at 548 (emphasis added). This Court concluded that "[u]se of the word 'shall' indicates that an affidavit accompanying the complaint is mandatory and imperative" and thus "for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit." *Id*. at 549 (quotation marks and citation omitted). Not an extraordinary interpretation of the law in my judgment.

While *Scarsella* itself was predicated on the mandatory "shall" language set forth in MCL 600.2912d(1), we elaborated on its reasoning in *Tyra v Organ Procurement*

*Agency of Mich*, 498 Mich 68, 94; 869 NW2d 213 (2015), in which we rejected the

plaintiff's argument that *Scarsella* should be overruled, explaining as follows:

> More specific statutory provisions control over more general statutory provisions, and thus the specific requirements of [MCL 600.2912b(1)] regarding "commenc[ing] an action alleging medical malpractice" prevail over the general requirements of MCL 600.1901 regarding the commencing of civil actions. Although a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely [notice of intent] and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired. [Quotation marks, citation, and brackets omitted; first and second alterations in original.][1]

See also *Castro v Goulet*, 501 Mich 884, 891 n 1 (2017) (MARKMAN, J., dissenting)

(quoting same). Without restating the entirety of the analyses in *Scarsella* and *Tyra*,[2] I

believe these cases were decided correctly and, unlike the Chief Justice, would leave them

undisturbed. In particular, I would leave these cases undisturbed in the context of resolving

the present case in which the dispute in no way pertains to medical malpractice; in which,

---

[1] *Tyra* specifically concerned MCL 600.2912b(1) (written notice-of-intent requirement), while *Scarsella* specifically concerned MCL 600.2912d(1) (affidavit-of-merit requirement). However, the statutes are substantively identical with regard to their mandatory character, with the former providing that "a person *shall not* commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice," and the latter providing that "the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney *shall* file with the complaint an affidavit of merit . . . ." (Emphasis added.)

[2] In addition, I note that MCL 600.2912d(1) provides that the plaintiff or the plaintiff's attorney "shall file *with* the complaint an affidavit of merit . . . ." (Emphasis added.) In my view, the word "with" further communicates that the affidavit of merit must be filed simultaneously with and alongside the complaint. An affidavit of merit that is filed separately from the complaint at a later point in time is not filed "with" the complaint and, thus, does not comply with MCL 600.2912d(1) for that reason as well.

2

as shown by the majority opinion, relief can be afforded to plaintiff absent any need to address *Scarsella*; and in which neither party has sought reconsideration of *Scarsella*.

The Court of Appeals, however, in reaching a result contrary to that of this Court, viewed it as helpful to analogize the instant dispute with *Scarsella*. See *Progress Mich v Attorney General*, 324 Mich App 659, 672; 922 NW2d 654 (2018) ("Like the plaintiff in *Scarsella*, plaintiff here argues that it should have been allowed to amend the complaint such that the complaint then would comply with the statutory requirements. However, we reject this argument . . . .") (citation omitted). The statute at issue in the Court of Appeals, MCL 600.6431(1),[3] provided that "[n]o claim may be maintained against the state unless the claimant . . . files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim . . . , which claim or notice *shall* be signed and verified by the claimant . . . ." (Emphasis added.)[4] The word "shall" is "mandatory and imperative," *Scarsella*, 461 Mich at 549, and if the failure to satisfy the "mandatory and imperative" affidavit-of-merit requirement of MCL 600.2912d(1) rendered the complaint in *Scarsella* a " 'nullity,' " it is not incomprehensible why the Court of Appeals would conclude that a failure to satisfy the "mandatory and imperative" verification

---

[3] As enacted by 1961 PA 236.

[4] MCL 600.6431 was amended by 2020 PA 42, which is applicable retroactively to March 29, 2017, the date on which the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq*., became effective. The amended version of MCL 600.6431 retains the act's original signature and verification requirement in current Subsection (2)(d), see MCL 600.6431(1), as enacted by 1961 PA 236, and it appears that the central purpose of the amendment was to provide that the requirements of MCL 600.6431 do not apply to claims for compensation under the WICA. See MCL 600.6431(5) ("This section does not apply to a claim for compensation under the wrongful imprisonment compensation act, 2016 PA 343, MCL 691.1751 to 691.1757.").

3

requirement of MCL 600.6431(1) might analogously render the complaint in the present case a "nullity." See *Progress Mich*, 324 Mich App at 672-673. Nonetheless, I ultimately agree with and join the conclusion of the majority opinion that the complaint here was sufficient to toll the statute of limitations because the failure to verify the complaint more closely resembled a *defective* affidavit of merit than an *absent* affidavit of merit. See *Saffian v Simmons*, 477 Mich 8, 13-14; 727 NW2d 132 (2007) ("*Scarsella* did not address the problem of a defective affidavit of merit.").

But the essential reasoning of *Scarsella*-- that the failure to satisfy mandatory language governing statutory preconditions for the maintenance of an action is fatal to the action-- is hardly novel to that decision. Consider, for one recent example, this Court's decision on June 4, 2020, to deny the Legislature's application to bypass the Court of Appeals in *House of Representatives v Governor*, ___ Mich ___ (2020) (Docket No. 161377). The critical dispute in that case concerned the significance of MCR 7.305(B)(4), which sets forth the following requirements for the grant of a bypass application:

> (B) Grounds. The application *must* show that
>
>      \*   \*   \*
>
> (4) in an appeal before a decision of the Court of Appeals,
>
> (a) delay in final adjudication is likely to cause substantial harm, or
>
> (b) the appeal is from a ruling that a provision of the Michigan Constitution, a Michigan statute, a rule or regulation included in the Michigan Administrative Code, or any other action of the legislative or executive branches of state government is invalid[.] [Emphasis added.]

In his dissenting statement, Justice VIVIANO wrote, "It is indisputable that our Court has jurisdiction over this case, if we choose to assert it." *House of Representatives*, ___ Mich

4

at \_\_\_ (V<small>IVIANO</small>, J., dissenting). However, a plurality of the Court disagreed, concluding that because the Legislature had failed to satisfy the "mandatory" requirements set forth in MCR 7.305(B)(4), we lacked jurisdiction over the case:

> Justice V<small>IVIANO</small> asserts that "[i]t is indisputable that our Court has jurisdiction over this case," but with a plurality of this Court concluding otherwise, it is plainly disputable. An application "must show" the items included in the list. MCR 7.305(B). Echoing that language, commentary on our rules also characterizes it as mandatory. See Gerville-Réache, *Expediting Review*, § 7.23, p 199 in Michigan Appellate Handbook (Shannon & Gerville-Réache eds, 3d ed, January 2018 update) (remarking that a bypass application "must show" the grounds listed in MCR 7.305(B)(4)). Moreover, the original form of the rule provided only that bypass applications show that "delay in final adjudication is likely to result in substantial harm"; the additional option in MCR 7.305(B)(4)(b) that a bypass application can also show that it is an appeal from a ruling that various forms of law or government action are invalid was added in 2002. See 466 Mich lxxxvi, lxxxix (2002). Since such a judicial declaration would already have fallen within the grounds listed in MCR 7.305(B)(1) through (3), the fact that MCR 7.305(B)(4)(b) was added to MCR 7.305(B)(4) indicates that we understood it to be mandatory for bypass applications; otherwise, it would be redundant of what is already stated in MCR 7.305(B)(1) through (3). Our past practice also indicates it is mandatory, as we have denied bypass applications on the basis that the grounds in the rule were not satisfied. [*House of Representatives*, \_\_\_ Mich at \_\_\_ n 3 (C<small>LEMENT</small>, J., concurring).]

Although the plurality did not cite *Scarsella* or *Tyra*, it might well have done so because its reasoning is similar. Once more, in *Scarsella*, 461 Mich at 549, this Court concluded that the failure to satisfy a mandatory rule governing a complaint in a medical malpractice action rendered the complaint a " 'nullity,' " while the plurality in *House of Representatives*, \_\_\_ Mich at \_\_\_(C<small>LEMENT</small>, J., concurring), concluded that the failure to satisfy a mandatory rule governing a bypass application deprived the Court of jurisdiction.[5]

---

[5] I acknowledge that the plurality's reasoning was not adopted by the Court itself given that we did not dismiss the application for lack of jurisdiction but, instead, denied the

5

Thus, in both cases, a mandatory rule was treated as tantamount to a threshold requirement for maintaining an action, with the failure to satisfy the requirement voiding the action.

It is not my point in any way to critique the plurality's statement in *House of Representatives* but, rather, to underscore the reasonableness of what it asserts concerning the consequences of mandatory language that is preconditional to maintaining a lawsuit.[6] Simply put, overruling *Scarsella*, whether done today or tomorrow, would not displace its reasoning from our law. It is the reasoning of logic, and such reasoning would continue within our jurisprudence, notwithstanding the overruling of *Scarsella*, even if the realm of medical malpractice law was singularly deprived of its logical force.

Furthermore, *Scarsella* and its progeny have beneficially contributed to the overall clarity of Michigan's comprehensive medical malpractice reforms of the 1990s, giving practical meaning to these reforms in a disciplined and responsible manner. For instance, under *Scarsella*, a plaintiff filing a medical malpractice complaint must simultaneously file an affidavit of merit asserting that the allegations of malpractice have medical and litigative

---

application because "we are not persuaded that the questions presented should be reviewed by this Court before consideration by the Court of Appeals," *id*. at ___ (order of the Court), and later asserted jurisdiction on June 30, 2020, by directing the Court of Appeals to decide the case by a specific date, *House of Representatives v Governor*, ___ Mich ___ (2020) (Docket No. 161377).

[6] To be clear, I express no opinion as to whether the plurality was correct in interpreting MCR 7.305(B)(4) as establishing the limits of our jurisdiction over a case filed through a bypass application. Moreover, I note that I did not join the plurality statement and instead joined Justice ZAHRA's dissent on the ground that "the [preconditional] requirements of MCR 7.305(B)(4) [were] satisfied." *Id*. at ___ n 10 (ZAHRA, J., dissenting). As a result, whether MCR 7.305(B)(4) establishes the limits of our jurisdiction in that context was a question that I did not need to reach in *House of Representatives* because I would have concluded that the court rule was satisfied in any event.

merit, and the failure to do so will result in the ineffectuality of the action.[7] This constitutes a clear and straightforward rule that is altogether consistent with the obligation of the "plaintiff in an action alleging medical malpractice [who] . . . shall file with the complaint an affidavit of merit signed by a health professional . . . ." MCL 600.2912d(1).

And as the Chief Justice notes, it is "unlikely" that a medical malpractice case will, as a result, be presented to this Court in which the plaintiff has *failed* to comply with *Scarsella* precisely because "under *Scarsella*, no attorney can omit filing the affidavit and expect" effectively to toll the statute of limitations. Unlike the Chief Justice, however, I find this unlikeliness to be a virtue of *Scarsella* and not a vice. In other words, when *Scarsella* precludes a medical malpractice action from proceeding on the merits only on the rare occasion in which there has been a complete failure on the plaintiff's part to file an affidavit of merit along with the complaint, it seems to me that *Scarsella* is sufficiently straightforward in setting forth the preconditions for a medical malpractice lawsuit and cannot be said to have established an unreasonable, much less an insurmountable, obstacle in carrying into effect one of the most significant of the Legislature's medical malpractice reforms-- the requirement of the filing of an affidavit of merit by a "health professional."

Accordingly, I believe that *Scarsella* sets forth an eminently reasonable and manageable rule of procedure and, most importantly, was decided in accordance with the

---

[7] The only exception to the rule is set forth in MCL 600.2912d(2): "Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1)."

7

language of the law.[8]  And indeed, this has been equally true, in my judgment, of most of this Court's decisions in support of the Legislature's medical malpractice reforms of the 1990s.  Predictability and fairness in medical malpractice litigation is far more likely to result when this Court gives faithful and disciplined meaning to the laws and reforms of the Legislature (as in *Scarsella*), and thereby maintains an accord between our state's statutory law and its caselaw, than when a disregard of these obligations fosters uncertainty as to which of these laws control.

Stephen J. Markman

---

[8] Of course, I concur with the Chief Justice in her affirmation that "statutory interpretation begins with the law's plain language," although I would further affirm that such interpretation not only "begins with," but usually "ends with" the law's plain language.  For reasons already generally explained, I believe that *Scarsella* is fully consistent with this principle.  That it was necessary to draw an utterly logical inference as to the impact of a failure to comply with a mandatory statutory obligation does not constitute any departure from the underlying principle.